IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AI LIAN YANG,

        Plaintiff,                    No. CIV S-05-643 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

        /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I.  Factual and Procedural Background

In a decision dated November 17, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has the severe impairment of possible post traumatic stress disorder but this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform simple repetitive tasks with limited public contact; plaintiff can perform her past relevant work as a fish cleaner; and plaintiff is not disabled.  Administrative Transcript ("AT") 17-18.  Plaintiff contends the ALJ improperly assessed the severity of her impairments, improperly discredited her subjective

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

complaints, failed to consider lay witness testimony, and improperly rejected the opinion of a treating physician.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Step Two Analysis

Plaintiff contends the ALJ improperly assessed the severity of her impairments and failed to consider all of them in combination. An impairment is "not severe" only if it

3

"would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28.  The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996);  see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments must be considered in combination in assessing severity.  20 C.F.R. § 404.1523.

        Plaintiff argues the ALJ failed to recognize as severe a number of her alleged impairments and that the ALJ failed to consider the combination of plaintiff's physical and mental conditions.  Although the burden is on plaintiff at step two of the sequential evaluation, see Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998), counsel for plaintiff has offered no meaningful argument in support of the claim that the ALJ erred at step two.  A mere recitation of medical symptoms does not demonstrate how each of the conditions included in that recitation impacts plaintiff's ability to engage in basic work activities.  Moreover, the ALJ considered plaintiff's complaints regarding her back, left shoulder, right wrist and hand pain and discussed in detail the substantial evidence supporting the finding plaintiff has no severe physical impairment.  AT 14-16, 139-144; see also AT 150-151, 174-175 (state agency physicians found no severe physical impairment), 129 (normal lumbar spine x-ray), 188 (intact joints in right hand), 191-192 (swelling in hand improved after abscess drained).  In addition, as the defendant correctly observes, the ALJ did not stop at step two but proceeded to analyze whether plaintiff could perform her past work.  The ALJ's conclusion that she could is support by substantial evidence.  Under these circumstances, there was no error in the step two analysis.

   B. Credibility

        Plaintiff also contends the ALJ improperly discredited her subjective complaints. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's

4

1  discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v.
2  Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit
3  credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.
4  Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit lack of credibility finding to be
5  supported by "a specific, cogent reason for the disbelief").

6  In evaluating whether subjective complaints are credible, the ALJ should first
7  consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947
8  F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,
9  the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,
10 medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:
11 (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent
12 testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a
13 prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d
14 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR
15 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity
16 and effect of symptoms, and inconsistencies between testimony and conduct also may be
17 relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure
18 to seek treatment for an allegedly debilitating medical problem may be a valid consideration by
19 the ALJ in determining whether the alleged associated pain is not a significant nonexertional
20 impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may
21 rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458
22 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,
23 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,
24 the Commissioner's reasons for rejecting the claimant's testimony must be clear and
25 convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.
26 1999).

1    Plaintiff testified she cannot sit for more than a half hour, can stand for ten or
2 fifteen minutes, cannot walk very far and cannot even lift a cup of water without spilling it.  AT
3 225.  The ALJ found plaintiff's testimony to be exaggerated, not entirely credible and
4 unsupported by the objective medical findings.  AT 16.  Considering the marked discrepancy
5 between what plaintiff testified she was capable of doing and the findings on physical
6 examination by the internal medicine consultant and mental examination by the psychiatric
7 consultant - both reviewed by the ALJ in his decision - the ALJ's conclusion that plaintiff was
8 exaggerating is supported by a specific, cogent reason.  AT 141-143, 147-148.  The ALJ also
9 noted that plaintiff stated to the examining internal medicine evaluator she was able to cook, do
10 dishes and laundry and grocery shop with the children but plaintiff testified she could do none of
11 these activities.  AT 14 (emphasized in bold in decision), 140, 226; see also AT 100 (on daily
12 activities questionnaire, plaintiff reported she cooks and does light household chores).  The ALJ
13 also factored into his assessment the questioning of plaintiff's reliability by Dr. Joyce, a
14 psychiatric examiner.  AT 15, 147, 148.  The factors considered by the ALJ were all valid and
15 supported by the record.  The ALJ's credibility determination was based on permissible grounds
16 and will not be disturbed.

   C.  Lay Witness

18    Plaintiff further contends the ALJ committed reversible error by failing to
19 consider the statements of plaintiff's daughter.  Plaintiff is correct that "lay witness testimony as
20 to a claimant's symptoms or how an impairment affects ability to work is competent evidence,
21 and therefore cannot be disregarded without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467
22 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and
23 family members in a position to observe a plaintiff's symptoms and daily activities are competent
24 to testify to condition).  "If the ALJ wishes to discount the testimony of the lay witnesses, he
25 must give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919.
26 /////

1  Plaintiff's daughter submitted a third party questionnaire. AT 67-72. The
2 answers provided by plaintiff's daughter in some aspects contradict the questionnaire filled out
3 by plaintiff. See, e.g., AT 68 (daughter cooks meals); cf. AT 100 (plaintiff cooks). In general,
4 the answers provided shed little light on plaintiff's physical condition; plaintiff's mental
5 condition, as described by the daughter, is consistent with the severe impairment of possible post
6 traumatic stress order found by the ALJ and the residual functional capacity of performing simple
7 repetitive tasks with limited public contact. AT 69-71; cf. AT 18.[2] Under these circumstances,
8 the court finds any error in failing to specifically discuss the third party questionnaire is harmless.
9 See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in
10 judicial review of social security cases).

  D.  Treating Physician's Opinion

  In a conclusory fashion, plaintiff asserts the ALJ ignored diagnoses made by her
treating physician. Plaintiff appears to confuse opinions regarding diagnoses and opinions
regarding functional limitations. It is the latter that is seminal to the ALJ's sequential analysis in
a social security disability case such as this one. The weight given to medical opinions depends
in part on whether they are proffered by treating, examining, or non-examining professionals.
Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the
opinion of a treating professional, who has a greater opportunity to know and observe the patient
as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

  To evaluate whether an ALJ properly rejected a medical opinion, in addition to
considering its source, the court considers whether (1) contradictory opinions are in the record,
and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be

---

[2] The ALJ's limitations also are consistent with the limited references in the record to plaintiff's anxiety and depression. AT 193, 229-230.

1 rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at
2 830.  While a treating professional's opinion generally is accorded superior weight, if it is
3 contradicted by a supported examining professional's opinion (e.g., supported by different
4 independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
5 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In
6 any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
7 findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
8 minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a
9 non-examining professional, without other evidence, is insufficient to reject the opinion of a
10 treating or examining professional.  Lester, 81 F.3d at 831.

11         Plaintiff's treating physician, Dr. Desai, in a medical assessment form, opined
12 plaintiff had extreme limitations that would preclude even sedentary work.  AT 197-199.  The
13 ALJ rejected Dr. Desai's opinion, which was contradicted by both the examining internal
14 medical consultant and psychiatric consultant, because it was based on plaintiff's subjective
15 complaints, which as discussed above, were properly discredited.  AT 16, 141-143, 147-148.
16 The ALJ also considered Dr. Desai's progress notes, which consisted mainly of treatment for an
17 abscess of the hand.  AT 190-196.[3]  Although in July 2004, Dr. Desai's chart notes indicate a
18 diagnosis of arthritis in the right hand, there are no accompanying clinical or radiographic
19 findings nor are any associated functional limitations noted.  AT 196; see also AT 188 (x-ray of
20 right hand in June 2004 unremarkable except for soft tissue swelling, joints intact).  The reasons
21 set forth by the ALJ for rejecting Dr. Desai's opinion are specific and legitimate.
22 /////
23 /////
24 /////

---

26    [3] Although Dr. Desai's progress notes made one reference to plaintiff's being anxious and depressed, the main reason for treatment was plaintiff's abscess.  AT 192.

8

1 | The ALJ's decision is fully supported by substantial evidence in the record and
2 | based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
3 |     1.  Plaintiff's motion for summary judgment or remand is denied, and
4 |     2.  The Commissioner's cross-motion for summary judgment is granted.
5 | DATED: September 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
yang643.ss